# Third District Court of Appeal

## State of Florida

Opinion filed November 12, 2020.

_____

No. 3D19-1488
Lower Tribunal No. 17-27434

_____


**ESJ JI Operations, LLC, et al.,**
Appellants,

vs.

**Todd Domeck,**
Appellee.


An Appeal from the Circuit Court for Miami-Dade County, William Thomas, Judge.

Law Offices of Scott Alan Orth, P.A., and Scott Alan Orth (Hollywood), for appellants.

Dorta Law, and Matias R. Dorta, for appellee.


Before FERNANDEZ,[1] LOGUE and GORDO, JJ.

GORDO, J.

_____

[1] Did not participate in Oral Argument.

On the Court's own motion, we withdraw our prior opinion dated June 17, 2020, and substitute the following in its place:

ESJ JI Operations, LLC, and ESJ JI Leasehold, LLC (collectively, "ESJ"), appeal the trial court's grant of Todd Domeck's motion for summary judgment on the count for fraud and fraud in the inducement in ESJ's counterclaim and entry of final judgment as to Domeck.[2] Based on Peebles v. Puig, 223 So. 3d 1065 (Fla. 3d DCA 2017), the trial court concluded that ESJ could not maintain a fraud claim against Domeck because all damages ESJ sought were identical to those recoverable in the breach of contract claim. We agree and affirm.

In April of 2017, ESJ purchased a leasehold for Parrot Jungle and Gardens of Watson and assumed a license agreement with Airplay Adventures, LLC, and Go Zip, LLC, by which they would build and operate an adventure park consisting of zip lines, towers, and bridges on Jungle Island. On November 20, 2017, due to Airplay and Go Zip's alleged nonperformance, ESJ terminated the license agreement. Eight days later, Airplay and Go Zip sued ESJ. ESJ then filed its answer and counterclaim, adding Todd Domeck, a manager and member of Airplay and Go Zip, as a party to the suit in his individual capacity. ESJ's counterclaim consisted of three counts—Count I for fraud and fraud in the inducement against Airplay, Go

---

[2] Without further discussion, we affirm as to all other issues raised on appeal.

Zip, and Domeck; Count II for promissory estoppel against Airplay, Go Zip, and Domeck; and Count III for breach of contract against Airplay and Go Zip.

During discovery, ESJ's corporate representative designated on damages, Mr. Fuller, testified at his deposition that the damages for the fraud claims were the same as those for breach of contract—unpaid rent. The following is an excerpt from Mr. Fuller's deposition:

> Q. I just want to make sure that Exhibit 5 is your damage model, yours being ESJ's damage model for both Count I, which is the fraud, and for Count III, which is the breach of contract; am I correct on that?
> A. Yes.
> Q. Okay. That's the only damage model you've presented to me today; correct?
> A. Yes.
> Q. Okay. Now, let's focus then on Exhibit 5 which is the damage model for ESJ. Does this -- tell me what the total here, 1. -- 1,215,969.07, what does that represent?
> A. It represents the net present value of phase one base rent only for the 10 year license agreement.
> Q. And that is based on the licensing agreement?
> A. Yes.
> Q. Nothing other than the license agreement?
> A. Nothing else other than the license agreement.
> . . .
> Q. Sir, have you been asked to perform any other damage calculations?
> A. No.
> Q. And so the only damage calculation just to confirm is Exhibit 5; correct?
> A. Correct.
> Q. And this Exhibit 5 is based on the license agreement; correct?
> A. Yes.

3

Based on this, Domeck moved for summary judgment on Count I, arguing that ESJ could not maintain a claim based on fraud and fraudulent inducement because the allegations in that cause of action are nothing more than that Airplay and GoZip failed to perform their obligations under the agreement. These damages, it argued, were identical to the damages ESJ sought in the breach of contract claim. The trial court granted that motion, citing to Peebles, finding that as a matter of law ESJ could not maintain the fraud claims because it had failed to demonstrate that it had damages that were separate and distinct from those pleaded and which it stood to recover in its breach of contract claim. See Peebles, 223 So. 3d 1065. The court subsequently entered final judgment as to Domeck. This appeal followed.

Mr. Fuller's testimony, which is binding on ESJ,[3] established that ESJ's calculation of damages stemmed only from Airplay and Go Zip's purported breach of the license agreement. There was no evidence in the record demonstrating that ESJ had suffered any separate, independent damages from Domeck's purported fraud. As such, the record evidence at the time of summary judgment was uncontested that the damages for the fraud count were identical to those resulting from the defendants' alleged breach of contract. Thus, Peebles was applicable, and the trial court's order was proper. See Peebles, 223 So. 3d at 1068 ("It is . . . well

---

[3] See, e.g., Carriage Hills Condo., Inc. v. JBH Roofing & Constrs., Inc., 109 So. 3d 329, 335 (Fla. 4th DCA 2015).

4

settled that, for an alleged misrepresentation regarding a contract to be actionable, the damages stemming from that misrepresentation must be independent, separate and distinct from the damages sustained from the contract's breach." (citing Rolls v. Bliss & Nyitray, Inc., 408 So. 2d 229, 237 (Fla. 3d DCA 1981))); Ginsberg v. Lennar Fla. Holdings, Inc., 645 So. 2d 490, 494 (Fla. 3d DCA 1994) ("It is well established that breach of contractual terms may not form the basis for a claim in tort. Where damages sought in tort are the same as those for breach of contract a plaintiff may not circumvent the contractual relationship by bringing an action in tort." (citations omitted)); see also Island Travel & Tours, Ltd. v. MYR Indep., Inc., 300 So. 3d 1236, 1239–40 (Fla. 3d DCA 2020) (reiterating the Peebles holding, stating "It is a fundamental, long-standing common law principle that a plaintiff may not recover in tort for a contract dispute unless the tort is independent of any breach of contract.").

Affirmed.